Michele MARCHESE, Appellant,

v.

UNITED STATES of America, and Preston Smith, Warden of U. S. Correctional Institution at Terminal Island, California, Appellees.

No. 17480.

United States Court of Appeals
Ninth Circuit.

May 31, 1962.

Rehearing Denied July 12, 1962.

Russell E. Parsons and Wendell P. Hubbard, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, and William Bryan Osborne, Asst. U. S. Atty., Asst. Chief, Criminal Division, Los Angeles, Cal., for appellees.

Before BARNES and JERTBERG, Circuit Judges, and DAVIS, District Judge.

DAVIS, District Judge.

This is an appeal from an order of the United States District Court, Southern District of California, denying appellant's petition for a writ of habeas corpus. The appeal is made pursuant to 28 U.S.C.A. § 2253.

■ Appellant was convicted of narcotics violations and sentenced to imprisonment, and is confined within the jurisdiction of the same court. Hence that court is the proper forum for either a motion under 28 U.S.C.A. § 2255, or for a petition for writ of habeas corpus.

After appealing his conviction to this Court, and being denied certiorari by the Supreme Court of the United States, appellant filed in the court which imposed the sentence, a motion under § 2255 to annul, vacate and set aside the judgment of conviction. That motion was finally denied March 15, 1961, and no appeal was taken from that order.

■ On June 20, 1961, the instant habeas corpus action was filed and was dismissed by the District Court for lack of jurisdiction. The portions of § 2255 pertinent to this appeal are:

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"*An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief*

*by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."* (Emphasis supplied).

In the enactment of § 2255, " * * * the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the *same rights* in another and more convenient forum." (Emphasis supplied) United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

This viewpoint is even more clearly expressed in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, wherein the Supreme Court said:

" * * * Suffice it to say that it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined."

█ Petitioner contends that the provision of § 2255 which seeks to limit the use of habeas corpus is violative of Article I, Section 9, Clause 2 of the Constitution of the United States. This court has considered that question numerous times, and is still of the opinion expressed in Jones v. Squier, 195 F.2d 179 (9th Cir. 1952):

" * * * The judgment in the conspiracy and aiding and abetting case shows on its face that the court had jurisdiction of the subject matter and of the person of Jones who appeared and pleaded not guilty. Hence no relief could be afforded Jones under the Great Writ as it stood at the time the Constitution was adopted. Under that Writ the court was confined to the face of the judgment and the process by which jurisdiction over the accused was had for the sole purpose of determining whether the convicting court had jurisdiction of the prosecution and the accused. The court could not even examine the indictment to see if it charged an offense not punishable criminally. See Chief Justice Marshall's opinion for a unanimous court in Ex parte Watkins, 3 Pet. 193, 202, 209, 7 L.Ed. 650. Cf. Frank v. Mangum, 237 U.S. 309, 330, 35 S.Ct. 582, 59 L.Ed. 969.

"It was not until 1867 that Congress created the new forms of relief on matters not appearing in the judgment roll 'in addition' to that previously available. 14 Stat. 385, 28 U.S.C. § 2241 et seq. The determination of these rights has been held not res judicata. Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989. It is obvious that since these additional rights were created by Congress, Congress could take them away or, as here, confine their litigation to the § 2255 proceeding."

█ Petitioner, having failed to appeal from the denial of his motion under § 2255, may not now question either the ruling on that motion, or the validity of his sentence, by use of habeas corpus.

█ Petitioner fares no better if his application for writ of habeas corpus is treated as a second motion under § 2255. That statute provides that the sentencing Court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. Appellant insists in his brief that the third, fourth, fifth and sixth grounds of the habeas corpus application include new questions not advanced in his first § 2255 motion. An examination of these claims shows that they are all based upon the fact that decisions of the Supreme Court of the United States subsequent to the original motion under § 2255 had raised possible new constructions of some statutes applicable to petitioner's problems. Such matters would not be considered under a writ of habeas corpus

prior to the enactment of § 2255, and consequently would not be applicable as new grounds under a second motion under § 2255. This is clearly established in Hill v. United States, supra, where the court said:

"In Sunal v. Large, 332 U.S. 174, [67 S.Ct. 1588, 91 L.Ed. 1982], the Court held that the remedy of habeas corpus was unavailable in circumstances far more compelling than are presented here. There the petitioners at their criminal trial had been denied an opportunity to present a defense which subsequent decisions of this Court had held should clearly have been available to them. What was said in that is apposite here:

" 'We are dealing here with a problem which has radiations far beyond the present cases. The courts which tried the defendants had jurisdiction over their persons and over the offense. They committed an error of law. * * * That error did not go to the jurisdiction of the trial court. Congress, moreover, has provided a regular, orderly method for correction of all such errors by granting an appeal to the Circuit Court of Appeals and by vesting us with certiorari jurisdiction. It is not uncommon after a trial is ended and the time for appeal has passed to discover that a shift in the law or the impact of a new decision has given increased relevance to a point made at the trial but not pursued on appeal. * * * If in such circumstances, *habeas corpus* could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed. Error which was not deemed sufficiently adequate to warrant an appeal would acquire new implications. * * *

Wise judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court.' 332 U.S., at 181–182. [67 S.Ct. at 1592.]"

Even if these may be considered as new grounds, the application fails to set forth the reason why petitioner was previously unable to assert the new grounds, and does not allege that he had previously been unaware of the significance of the relevant facts which is a standard established for consideration of successive motions under § 2255. Sanders v. United States, 297 F.2d 735 (9th Cir. 1961).

It appearing from the foregoing that the application for habeas corpus was defective on its face and contrary to the provisions of § 2255, the District Court was correct in holding that it had no jurisdiction to entertain the same, and in ordering that the petition be denied.

This makes it unnecessary to consider the contention of appellant that the court should have permitted him to be personally present at the hearing on the petition, inasmuch as the issue before the court was purely one of law, and did not require the presence of petitioner. Such presence is warranted only where there is required to be determined by the court a question of fact wherein petitioner's own knowledge is involved. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; United States v. Hayman, supra.

For reasons appearing above, the petitioner's request that this court treat this appeal as an original petition for a writ of habeas corpus is denied.