## Commonwealth ex rel. Wagner, Appellant, v. Myers.

Submitted January 15, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William A. Wagner,* appellant, in propria persona.

*Morris Ostrow* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 17, 1964:

This is an appeal from an order in the court below dismissing, without hearing, a petition for a writ of habeas corpus.

On July 16, 1947, the appellant was indicted for murder. On July 21, 1947, two lawyers were appointed by the court to represent him. On September 4, 1947, accompanied by his counsel, he appeared in court and entered a plea of guilty to the indictment. Testimony was presented before a panel of three judges on behalf of the Commonwealth and the defendant. On September 12, 1947, he was adjudged guilty of murder in the first degree and sentenced to life imprisonment. No appeal from the judgment was entered.

The factual background of the crime is as follows: On May 8, 1947, the defendant and one Miss Dougherty were in an apartment rented by the defendant, when an argument ensued. The defendant violently beat Miss Dougherty causing serious bodily injuries, and finally strangled her to death by applying pressure to

her throat with his hands. The defendant, a married man, then visited the home of his wife and her family, where he remained for a few days. He then returned to the house where the crime had occurred. The landlady complained about a strange odor emanating from the apartment. The defendant removed the body from a locked closet where he had previously placed it, shoved it into a steel drum, covered it with sawdust, and secured the help of two young boys to cart the drum by wagon to an isolated part of the city, where it was found on June 2, 1947. The appellant was arrested on July 1, 1947, about 6:30 p.m. o'clock. He made and signed a statement admitting his guilt about 11:05 p.m. of the same night.

Appellant advances three reasons in support of his appeal and his application for the writ. They will be discussed ad seriatim.

Appellant contends that he was denied his constitutional right to the assistance of counsel at "critical" stages in the proceedings, namely, the preliminary hearing, the date sentence was imposed, for the presentation of post trial motions, and the prosecution of an appeal from the judgment of sentence.

The Sixth Amendment to the United States Constitution, which guarantees an accused the right to the assistance of counsel does not demand that he shall be furnished counsel at the time of the preliminary hearing, and the failure to afford a defendant counsel at the preliminary hearing does not, under all circumstances, impinge upon his constitutional rights: *Com. ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 198 A. 2d 565 (1964). In this connection, it should be noted that the present defendant entered a plea of "not guilty" at the preliminary hearing, and what transpired at that time in no way affected the final disposition of his case, or entered into the trial hearing before the court when he plead guilty and the degree of guilt was

determined. Under the circumstances, it was not a "critical" stage in the proceedings and the lack of counsel at the hearing in no way prejudiced the defendant, nor did it constitute lack of due process.

Further, counsel was appointed to represent him five days after indictment and had several weeks for investigation and preparation before the case was called for trial. It was after this period of time that the defendant and his counsel considered it wise to enter a plea admitting his guilt.

Appellant asserts that his counsel was absent at the time sentence was imposed. The Commonwealth denies this. The record is not clear on this point. The transcript of the proceedings is deficient in this respect. If counsel were absent at the pertinent time, as is now advanced, it seems strange indeed that the point was not raised until more than sixteen years later. But, assuming, arguendo, that this factual allegation is correct, it does not appear that any harm or unfairness resulted from this neglect on the part of counsel. The record does show that his counsel played an active role during the trial and, at the conclusion of the taking of the testimony argued strenuously to the court that the offense entailed no more than voluntary manslaughter, and advanced a comprehensive argument on the defendant's behalf.

The absence of counsel at the time of sentence is inexcusable and the practice condemned, but it does not constitute lack of due process if no harm or prejudice results: *Com. ex rel. Berry v. Tees,* 177 Pa. Superior Ct. 126, 110 A. 2d 794 (1955); *Com. ex rel. DeSimone v. Cavell,* 185 Pa. Superior Ct. 131, 138 A. 2d 688 (1958), cert. denied, 358 U.S. 843 (1958); *Commonwealth v. Polens,* 327 Pa. 554, 194 A. 652 (1937).

Why post trial motions and an appeal from the judgment were not filed understandably does not specifically appear in the record. However, the defend-

ant tacitly admits in his brief that he did not ask his counsel that such be pursued, and a study of the record fails to disclose one single reason upon which a new trial could justifiably be requested or successfully maintained. The defendant at no time requested permission to withdraw his plea of guilty nor does he now assert that he did not commit the killing. His only defense at trial was that he was drinking and did not remember the circumstances incident to the assault upon the victim.

Appellant next contends his confession, introduced at trial, was coerced. This position is asserted for the first time in this proceeding. Factual allegations in connection therewith are set forth which are not supported by the record. For instance, appellant now says that he was held incommunicado for nine days by the police and through a course of mistreatment forced to confess. The testimony at trial manifests that his confession was made and signed within five hours of the time of his arrest. The uncontradicted evidence at trial shows that it was given freely and voluntarily. No objection to its introduction at trial was voiced. During his own personal testimony offered at trial, the defendant made no claim or complaint that he had been abused or forced to confess.

Finally, appellant alleges that while a court of three judges heard the testimony in the case, two members thereof failed to participate in the action of determining guilt and imposition of sentence. This is factually inaccurate and is contradicted by the official record of the case.

It is, therefore, more than clear that none of the reasons given in support of the issuance of the writ have a semblance of merit.

Order affirmed.