**UNITED STATES of America ex rel. William A. WAGNER**

**v.**

**David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 2702.**

United States District Court
E. D. Pennsylvania.

Sept. 28, 1964.

Joyce Ullman, Philadelphia, Pa., for relator.

James C. Crumlish, Jr., Dist. Atty., John F. Hassett, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

GRIM, District Judge.

In this habeas corpus petition, relator, a state prisoner, asserts among other contentions that his court-appointed attorneys were not present in court when, in 1947, he was sentenced to life imprisonment following a plea of guilty to a general charge of murder. Relator contends that the absence of counsel at this sentencing violated his constitutional rights.

Relator has exhausted his state remedies. Commonwealth ex rel. Wagner v. Myers, Court of Common Pleas of Philadelphia County, June Term, 1963, No. 5266, aff'd 414 Pa. 35, 198 A.2d 540 (1964). This court directed the respondent to show cause why the writ of habeas corpus should not be granted and appointed counsel to represent relator. A hearing has been held in this court at which relator was present, assisted by counsel, and testified at length. The bills on which relator was indicted as well as the transcript of the state court hearings in 1947 were made a part of the record of this case.

Relator was indicted on July 16, 1947 for murder and manslaughter. On that same day relator executed an "[a]ffidavit of Destitute Circumstances * * *" and requested the appointment of counsel to assist him. On July 21, 1947, the state court assigned two attorneys to defend him. On September 4, 1947, before a three-judge court, relator, being represented by counsel, entered a plea of guilty to murder generally. Thereupon, three judges sat and heard evidence to determine the degree of guilt. The Commonwealth and defense presented evidence on this issue but no decision on the degree of guilt or sentence was rendered at this September 4th hearing. On September 12, 1947, relator was brought into court and sentenced to life imprisonment. The state court record does not indicate that relator's attorneys were present in court at this time.

The entire transcript of the September 12th proceeding is as follows:

"September 12, 1947

"(The defendant was brought to the bar of the Court for sentence.)

"JUDGE McDEVITT: We have adjudged you guilty of murder of the first degree and fix the penalty at life imprisonment.

"The sentence of the Court is that you undergo imprisonment for the rest of your natural life in the manner prescribed by law in the Eastern State Penitentiary at separate and solitary confinement at hard labor.

"(Sentence: Life Imprisonment in the Eastern State Penitentiary.)"

Also in evidence is the murder bill of indictment on which is endorsed the following:

"9/12/47 Defendant William A. Wagner, Jr. adjudged Guilty of Murder of first degree with the penalty Sentence of Life Imprisonment in the Eastern State Penitentiary.

"BY THE COURT
"/s/ H. S. McDevitt, J.
"/s/ Joseph Sloane
"/s/ Frank Smith, J."

Relator testified at the habeas corpus hearing in this court that his court-appointed attorneys were not present in the state court on September 12, 1947 and that he did not see or hear from his attorneys after the September 4th hearing. As pointed out above, the state transcript does not indicate that any attorney was present in court when relator was sentenced. The attorneys who participated in the 1947 proceedings did not testify in this court since it appears that they were deceased at the time of the hearing in this court. The Commonwealth offered no evidence to show that any attorneys were present in court when relator was sentenced.

In this state of the record, I find as a fact that relator was not represented by counsel on September 12, 1947 when he was sentenced. The Commonwealth of Pennsylvania, almost conceding this fact, argues that the possible absence of counsel on September 12th resulted in no prejudice to relator since he had been represented by counsel at the hearing on September 4, 1947 when the three judges sat to determine the degree of guilt and the amount of the sentence. In reference to this, the Commonwealth states (paragraph 2 of Commonwealth's Answer to Petition) that the only thing that happened on September 12th was the

"* * * formal public announcement of that which had already been concluded, i. e. the determination of the degree and the fixing of the penalty * * * [which] * * * was of no more significance than a postcard stating that a decision had been affirmed or reversed."

The Supreme Court of Pennsylvania, in its opinion disposing of relator's habeas corpus petition, stated that "[t]he absence of counsel at the time of sentence is inexcusable and the practice condemned, but it does not constitute lack of due process if no harm or prejudice results. * * *" 414 Pa. 35, 38, 198 A.2d 540, 542 (1964).

To me it is not clear that no prejudice to relator resulted from the absence of counsel at the time of sentence on September 12, 1947. The three judges heard the evidence at the hearing on September 4th and on September 12th they signed the sentencing order and sentence was imposed. Relator's contention before the sentencing court was that he committed the homicide in anger when the victim tried to induce him into committing an unnatural sexual act and that consequently the crime could rise no higher than manslaughter. This was a proper legal contention. Perhaps the judges at the hearing on September 4th or between it and the sentencing on the 12th decided to reject it and to find the relator guilty of first degree murder and to fix the penalty at life imprisonment. However, another strong argument by counsel at the time of sentencing on September 12th might have impelled the

judges, or some of them, to decide that the crime amounted only to manslaughter. Likewise if counsel had been present at the time of sentencing, relator could have been advised of his right to speak before sentence was pronounced on him as well as his right to request the withdrawal of his guilty plea prior to the sentencing. Certainly it was important to relator that he have counsel on September 12, 1947 at the time of his sentencing and the absence of counsel at that time may have prejudiced him seriously.

■ Moreover, this court is bound to point out that the Supreme Court has indicated that the constitutional vice in the absence of assistance of counsel does not rest on a showing of prejudice to the accused's case. Hamilton v. Alabama, 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). We note also that this view is in accord with the recent opinion of the Superior Court of Pennsylvania in which it was stated that

> " * * * the rule which should be applied to the habeas corpus cases brought by prisoners who had admitted guilt is as follows: If the prisoner establishes in a habeas corpus case that at the time of sentence he had no counsel and, because of indigency or some other reason, was unable to employ counsel, his sentence must be vacated unless he waived the appointment of counsel."

Commonwealth ex rel. Goodfellow v. Rundle, 203 Pa.Super. 419, 201 A.2d 615 (1964).

■ Relator was sentenced without the assistance of counsel guaranteed to him by the constitution. He is entitled to relief, Hollis v. Ellis, 201 F.Supp. 616 (S.D.Tex.1961); Evans v. Florida, 163 So.2d 520 (District Court of Appeal of Fla.1964).

The court expresses its gratitude to Joyce Ullman of the Philadelphia Bar who, without any prospect of compensation for her services, labored long and zealously in behalf of relator in these proceedings.

## ORDER

And now, this 28th day of September, 1964, the petition of William A. Wagner for a writ of habeas corpus is granted. Issuance of the writ will be stayed for 60 days in order to permit the Commonwealth of Pennsylvania, if it so desires, to take action in accordance with the law and this opinion or to seek review of this decision.