## Commonwealth ex rel. Remeriez, Appellant, *v.* Maroney.

Submitted August 26, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ronald Remeriez,* petitioner, in propria persona.

*John F. Hassett,* Assistant District Attorney, *Thomas M. Reed,* Chief Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish,* District Attorney, for respondent.

OPINION BY MR. JUSTICE ROBERTS, November 10, 1964:

Petitioner seeks allowance of appeal to this Court after dismissal of his petition for writ of habeas corpus, affirmed by the Superior Court. The petitioner was sentenced to imprisonment after revocation of a prior suspended sentence and probation. Petitioner was without counsel at this hearing. The record clearly indicates that the court made no inquiry concerning counsel and that there was no waiver of counsel by petitioner.

Petitioner urges that lack of counsel during the hearing which resulted in the revocation of his pro-

bation and the imposition of a prison sentence violated due process.[1]

It is evident from the record that for this petitioner the hearing at which sentence was imposed was, in reality, the final opportunity for presenting and urging matters and circumstances which, in the discretion of the trial court, may have determined the freedom or imprisonment of the accused.

Such a sentencing is a critical stage in the proceeding against the accused. For the sentencing to be constitutionally acceptable the accused is entitled to be represented by counsel.[2] See *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963); *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050 (1963); cf. *United States v. Tribote,* 297 F. 2d 598, 601 (2d Cir. 1961). See also *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964).

On this record there is but one proper disposition of this case on its merits. No need appears for remanding this habeas corpus petition for a hearing in the court below.[3] Likewise, argument before this Court is also unnecessary.

The allocatur is granted. The petition to proceed in forma pauperis is granted. The order of the Superior Court is reversed and the dismissal of the petition by the Court of Common Pleas No. 4 of Philadelphia

---

[1] In view of our disposition, it is unnecessary to deal with other contentions raised by petitioner.

[2] The result reached by this Court in *Commonwealth ex rel. Wagner v. Myers,* 414 Pa. 35, 198 A. 2d 540 (1964), is correct. However, our language there, 414 Pa. at 38, 198 A. 2d at 542, as well as our language in earlier cases, that "The absence of counsel at the time of sentence . . . does not constitute lack of due process if no harm or prejudice results [citing cases]," must now be disapproved. We here hold that this inexcusable practice does violate due process.

[3] See *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964).

County, is reversed. The 1960 order revoking the probation, and the sentence imposed in lieu thereof, are vacated. The record is remanded to the court of common pleas with directions to issue the writ. Any further proceedings are to be conducted in conformity with this opinion.