UNITED STATES of America ex rel.
John W. HARTON, Relator-
Appellee,

v.

Walter H. WILKINS, Warden of Attica
State Prison, Attica, New York,
Respondent-Appellant.

No. 131, Docket 28894.

United States Court of Appeals
Second Circuit.

Argued Nov. 10, 1964.

Decided March 10, 1965.

As Modified April 14, 1965.

Joshua N. Koplovitz, New York City
(Anthony F. Mara for the Legal Aid
Society of New York, Leon B. Polsky,
New York City, of counsel), for relator-
appellee.

Brenda Soloff, Asst. Atty. Gen. of State
of New York (Louis F. Lefkowitz, Atty.
Gen. of State of New York, Samuel A.
Hirshowitz, First Asst. Atty. Gen., Amy
Juviler, Asst. Atty. Gen., of counsel), for
respondent-appellant.

Before SWAN, WATERMAN and
MOORE, Circuit Judges.

MOORE, Circuit Judge:

Petitioner (relator-appellee), John W.
Harton, is presently in the custody of the
State of New York, serving a five to fif-
teen year prison term under a judgment
(Oswego County Court) entered upon his
plea of guilty to the crime of forgery,
second degree. New York Penal Law,
McKinney's Consol.Laws, c. 40, Secs. 887,
888. He was sentenced as a third offend-
er under New York multiple offender
legislation. New York Penal Law §§
1941, 1943. The information charging
petitioner with two previous felony con-
victions set forth:

(1) A plea of guilty on June 5, 1957,
Allegheny County, Pennsylvania, to forg-
ing and uttering—a felony.

(2) A plea of guilty on April 15, 1958,
Mercer County, Pennsylvania, of fraudu-
lently making and uttering a written in-
strument—a felony.

In his petition for a writ of habeas
corpus, petitioner attacks both pleas as
a basis for his New York multiple of-
fender conviction. The trial court sus-
tained the writ and remanded petitioner
through the Sheriff of Oswego County to
the Oswego County Court for resentence
on his plea of guilty of the crime of
forgery, second degree. The respondent
Warden (appellant) appeals.

Petitioner testified that when he pleaded guilty on April 15, 1958, in Mercer County, Pennsylvania, he was not represented by counsel. The trial court has found that he did not understand the consequences of a guilty plea or that the charges were felonies. The court, therefore, held that the conviction was "invalid, having been procured in violation of the petitioner's rights under the Federal Constitution." Appellant was not able to produce any proof that petitioner had had counsel to advise him before he pleaded guilty to a felony. On this appeal, appellant does not rely on this conviction. His claim that petitioner is a second felony offender is based upon the June 5, 1957, guilty plea.

The trial court found that petitioner appeared in court with counsel on June 5, 1957, and pleaded guilty to counts of forging and uttering. The sentence was probation for three years. The indictment bears the notation that on September 21, 1959 "in open court" probation was "vacated and terminated" and that "now September 21, 1959 petitioner was sentenced to pay a fine of 6¼ cents, costs and imprisonment of not less than three months or more than twenty-three months." The trial court also found that on this occasion petitioner was not represented by counsel; that this was a "critical stage of the proceedings against him"; and that the conviction and sentence entered September 21, 1959 were invalid.

Appellant argues that petitioner's conviction upon his guilty plea was complete on June 5, 1957, for the purpose of establishing his second offender status under New York law; that his suspended sentence and probation were irrelevant to this status once established; and that, therefore, the subsequent revocation of probation and the imposition of a jail sentence on September 21, 1959, did not affect the June 5, 1957, conviction. Appellant's conclusion is that the September 21, 1959 revocation proceeding was not a "critical stage" at which petitioner was entitled to be represented by counsel.

The effect of the Allegheny County proceeding must be examined in the light of Pennsylvania's interpretation of this situation. Recently (November 10, 1964) the Pennsylvania Supreme Court passed upon a somewhat similar case. Commonwealth of Pennsylvania ex rel. Remeriez v. Maroney, 415 Pa. 534, 204 A.2d 450. There the petitioner had been sentenced to imprisonment after revocation of a prior suspended sentence and probation. The petitioner was without counsel at the revocation hearing. The court noted that "the hearing at which sentence was imposed was, in reality, the final opportunity for presenting and urging matters and circumstances which, in the discretion of the trial court, may have determined the freedom or imprisonment of the accused," and that such sentencing was a "critical stage." The relief granted was to vacate the order revoking probation and the sentence imposed in lieu thereof.

If the Remeriez decision be applied here, the September 21, 1959 revocation of probation and jail sentence must be considered as invalid. This conclusion, however, leaves open the question of whether under New York law the June 5, 1957 guilty plea, when petitioner was represented by counsel, standing alone is sufficient to support a multiple offender sentence. Since petitioner under the trial court's opinion is returned to the Oswego County Court for resentence, both the State of New York and petitioner will have an opportunity to raise and argue this question. Nor is the State precluded from filing a new multiple offender information including the guilty plea of June 5, 1957 or any other orders or judgments not covered in the information of March 8, 1961 if such there be.

Order directing resentencing without regard to the Mercer County conviction of April 15, 1958 and the September 21, 1959 judgment affirmed.

WATERMAN, Circuit Judge (concurring):

I concur in the order of remand to the Oswego County Court so that there rela-

tor may be resentenced on his plea of guilty to the crime of forgery, second degree, without regard to the Mercer County April 15, 1958 guilty plea and judgment of conviction or the Allegheny County sentencing proceedings of September 21, 1959 after the June 5, 1957 guilty plea, the two unconstitutionally obtained judgments of conviction used by the State in the multiple offender information upon which the Oswego County Court sentenced petitioner as a multiple offender.

If the State, at the Oswego County Court resentencing proceedings, files a multiple offender information based upon the June 5, 1957 Allegheny County proceedings, I would not foreclose relator from maintaining that he had no effective legal representation on that occasion, or foreclose him later, under 28 U.S.C. § 2244, from obtaining a full adjudication in that respect if he should subsequently bring a petition for the issuance of a writ of habeas, or seek other post-conviction relief.