**UNITED STATES of America ex rel. William A. WAGNER, Jr.**

v.

**David N. MYERS, Superintendent State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. M–2968.**

United States District Court
E. D. Pennsylvania.

June 8, 1965.

William A. Wagner, Jr., in pro. per.

GRIM, District Judge.

In a prior habeas corpus proceeding (D.C., 234 F.Supp. 239, September 28, 1964), this court held that relator had been denied his constitutional right to the assistance of counsel. The court found that no counsel appeared at the state court hearing where relator, who previously had pleaded guilty to murder generally, was adjudged guilty of murder in the first degree and sentenced to life imprisonment.

Compelled by these findings, the court granted the habeas corpus petition.

However, this court stayed for sixty days the issuance of the requested writ of habeas corpus in order to permit the Commonwealth of Pennsylvania to appeal the decision of this court or take action to correct the constitutional errors found by the court in relator's commitment to imprisonment.

In the present petition filed by relator on April 7, 1965, relator asserts that the Commonwealth has been guilty of unreasonable delay in correcting the constitutional errors found by the court to exist in relator's imprisonment and that consequently the court should forthwith issue the writ of habeas corpus.

Upon examination of the record in this case and upon review of all the circumstances, I can find no basis to support this allegation of unreasonable delay on the part of the Commonwealth. The Commonwealth did institute within the sixty days specified in this court's order, proceedings in the Philadelphia Court of Quarter Sessions to properly resentence relator. However, several continuances of the case were obtained by relator's counsel. On May 7, 1965, before a three judge court, arguments were heard on the degree of guilt in the presence of relator, who was assisted by his privately retained counsel. On May 27, 1965, that same court, in the presence of relator and his counsel, adjudged relator guilty of murder in the second degree and sentenced him to a term of imprisonment not less than ten nor more than twenty years.

In short, the court is satisfied that its opinion and order of September 28, 1964 has been respected, that relator has been accorded the due process contemplated by that opinion and order, and that relator's present petition is therefore moot.

Petition dismissed.