Alan Lee **BROWN**, Petitioner-Appellant,

v.

**WARDEN, U. S. PENITENTIARY,** and United States of America, Respondents-Appellees.

Alan Lee **BROWN**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

Nos. 14987, 15095.

United States Court of Appeals Seventh Circuit.

Oct. 7, 1965.

William A. Wineberg, Jr., James W. Gladden, Jr., Chicago, Ill., for appellant.

Edward R. Phelps, U. S. Atty., Leon G. Scroggins, Asst. U. S. Atty., Springfield, Ill., Carl W. Feickert, U. S. Atty., Walter D. Williams, Asst. U. S. Atty., E. St. Louis, Ill., for appellees.

Before SCHNACKENBERG and KILEY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

These appeals are from orders denying post-conviction relief on petition for issuance of writ of habeas corpus and on motion under § 2255, Title 28 U.S.C.A., respectively.

Petitioner, an inmate of a United States correctional institution, was convicted on his plea of guilty to a violation of § 2312, Title 18 U.S.C.A., in the United States District Court for the Southern District of California on January 16, 1961. He waived right to counsel and was not represented by counsel in this underlying criminal proceeding. That court imposed a sentence of commitment of three years, suspended execution of this sentence, and placed petitioner on probation for a term of four years. Relief from this conviction by motion under § 2255 was denied by order dated March 30, 1964.

In February 1961, probation jurisdiction over petitioner was transferred to and accepted by the United States District Court for the Southern District of Illinois. In November 1962, a probation revocation hearing on charges of leaving the district and of gambling resulted in "reinstatement" of probation. Petitioner

was not represented by counsel in this proceeding.

After petitioner's conviction of a charge of passing bad checks in Arkansas, on which he received a five-year suspended sentence, he was returned to federal custody, and the probation revocation proceedings challenged here were held on September 18, 1963.

The judgment and commitment order issued on the probation revocation hearing recites that petitioner appeared in court in person and without counsel; that he was advised of his constitutional right to counsel; that, on being asked whether he desired counsel assigned to him, he replied that he did not; and that the court found that petitioner knowingly and intelligently waived the right to counsel.

The transcript of this hearing does not reflect that petitioner was advised of the right to counsel, that he waived appointment of counsel, or that he requested counsel. At the hearing, the court initially imposed a sentence of commitment of four years and then corrected the term to three years in accordance with the requirements of § 3653, Title 18 U.S.C.A. This statute authorizes the court to require a probationer to serve the sentence originally imposed or any lesser sentence unless imposition of sentence was initially suspended. The transcript further reveals that petitioner did not deny or otherwise challenge the accusation concerning the violation of probation but called attention to his conduct in not participating in a jail break in Arkansas although he had an opportunity to escape.

The court which revoked probation and required petitioner to serve the sentence originally imposed denied an earlier application on motion under § 2255 on the ground that the judgment of conviction showed that he had waived appointment of counsel. The renewed motion under § 2255, presently on appeal, was denied by the Court without comment on the issue of denial of counsel.

The request for issuance of the writ of habeas corpus was grounded, inter alia, on an allegation of harassment in the prosecution of post-conviction remedies by petitioner's transfer to various correctional institutions. This petition was denied on the ground that petitioner had an adequate remedy under § 2255 of Title 28 U.S.C.A.

The basic issue presented by these consolidated appeals is concerned with the right to representation by counsel on proceedings for revocation of probation. For purposes of this decision, the Court assumes but does not decide that petitioner was not apprised of any right to counsel and did not specifically waive any right to appointment of counsel in the probation revocation proceedings.

An offender's rights under the Federal Probation Act have been construed in Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932), and in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). The Act is intended to provide a period of grace in order to aid the rehabilitation of a penitent offender. Probation is conferred as a privilege and cannot be demanded as a matter of right. The offender stands convicted and faces punishment. The source of his rights under the Federal Probation Act lies in the legislative mandate, not in the Constitution of the United States.

Congress has declared that a probationer accused of violating his probation "shall be taken before the court for the district having jurisdiction over him." Section 3653, Title 18 U.S.C.A. Although no trial in any strict or formal sense is required, the legislative directive that the accused probationer shall be taken before a court means that—

"* * * there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper." Escoe v. Zerbst, 295 U.S., at 493, 55 S.Ct. at 820.

The inquiry of the court at such a hearing is not directed to the proba-

tioner's guilt or innocence in the underlying criminal prosecution, but to the truth of the accusation of a violation of probation. Has the probationer abused the privilege of the period of grace extended to him to aid him in rehabilitation?

■ Liberty on probation is conditioned on the observance of certain conduct. A breach of the required conduct —not necessarily the commission of a crime—constitutes a violation and serves to terminate the privilege of conditional liberty. Although revocation results in the deprivation of the probationer's liberty, the sentence he may be required to serve is the punishment for the crime of which he had previously been found guilty.

■ Thus it appears that under the Federal Probation Act as construed by the Supreme Court, the source and nature of the offender's rights and the issue before the court on hearing of revocation of probation differ from those on imposition of sentence in a criminal prosecution. It follows that an offender who has already been adjudged guilty and sentenced is not entitled to counsel as a matter of right under the Sixth Amendment of the Constitution of the United States or under Rule 44 of the Federal Rules of Criminal Procedure in the hearing on revocation wherein it is determined whether or not he has forfeited the privilege of conditional liberty. Welsh v. United States, 348 F.2d 885 (6th Cir. 1965); United States v. Huggins, 184 F.2d 866, 868 (7th Cir. 1950); Gillespie v. Hunter, 159 F.2d 410 (10th Cir. 1947); Bennett v. United States, 158 F.2d 412 (8th Cir. 1946). Decisions concerned with the constitutional right to counsel of an accused at various stages of criminal prosecutions are not controlling. Cf. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963); United States v. Tribote, 297 F.2d 598 (2d Cir. 1961).

A similar interpretation of corresponding state law is followed in Thomas v. Maxwell, 175 Ohio St. 233, 193 N.E.2d 150 (1963), and Kennedy v. Maxwell, 176 Ohio St. 215, 198 N.E.2d 658 (1964).

Recent decisions concerning the rights of parolees on revocation proceedings serve to emphasize the distinction between penological devices under legislative mandate, such as probation or parole where the guilt and liability to punishment of the offender are no longer in issue, and the initial criminal prosecution where these matters were determined. See Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), and Richardson v. Markley, 339 F.2d 967 (7th Cir. 1965). It appears clearly from these decisions that the federal constitutional rights of an accused in a criminal prosecution and the rights of an offender in proceedings on revocation of conditional liberty under parole or probation are not coextensive.

The conclusion of the Supreme Court of Pennsylvania that there is a constitutional right to appointment of counsel in probation revocation proceedings rests on a differing concept as to the nature of the hearing. In Commonwealth of Pennsylvania ex rel. Remeriez v. Maroney, 415 Pa. 534, 204 A.2d 450, 451 (1964), the court characterizes the proceeding as a "sentencing" and as a "critical" stage in the proceedings against the "accused" wherein he has his last chance to present matters determining his freedom or imprisonment. This decision was applied as the law of Pennsylvania in invalidating a Pennsylvania revocation in United States ex rel. Harton v. Wilkins, 342 F. 2d 529 (2d Cir. 1965). The Remeriez decision is inconsistent with the interpretation of the source and nature of a probationer's rights under federal law as set forth in the decisions of the Supreme Court of the United States in the Burns and Escoe cases, supra. It is not persuasive authority for this court.

The decision of the Supreme Court of Alaska in Hoffman v. State, 404 P.2d 644 (1965), may be distinguished. There the court held that due process required appointment of counsel for an indigent to avoid discrimination on the ground of poverty where the state statute specifically provided for right to counsel on proceedings for revocation of probation.

The Federal Probation Act, as construed by the Supreme Court, does require that the probationer be afforded a fair hearing as a basis for the exercise of judicial discretion concerning the revocation. Petitioner has failed to show that the absence of representation by appointed counsel has affected the fairness of the revocation proceedings or resulted in an abuse of or lack of the exercise of judicial discretion.

Petitioner was no stranger to federal proceedings concerning criminals. He waived the right to counsel in the initial criminal prosecution. He did not request the appointment of counsel or the right to be represented by counsel of his own choosing in the probation revocation proceeding.

Petitioner was afforded a hearing by the court and did not deny the accusation of violation of probation. He asked for and was given the opportunity to present mitigating circumstances.

The Assistant United States Attorney in this case appeared in the role of an officer of the court, not as an adversary of the petitioner. He advised the court concerning the applicable provisions of the Federal Probation Act. The court thereafter required the petitioner to serve the sentence originally imposed.

The record in this case reveals that the range of the inquiry on proceedings for revocation of probation was so fitted to the needs of the occasion as to justify the conclusion that there has been no abuse of judicial discretion. The order denying the motion under § 2255, Title 28 U.S.C.A., in Appeal No. 15095 is hereby affirmed.

Petitioner at all times had an adequate remedy to seek collateral post-conviction relief by motion under § 2255, Title 28 U.S.C.A., as to the alleged grounds upon which relief is requested. This is his exclusive remedy. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Resort may not be had to petition for issuance of writ of habeas corpus. Marchese v. United States, 304 F.2d 154 (9th Cir. 1962). The order denying the request for issuance of the writ in Appeal No. 14987 is affirmed.

The Court wishes to thank court-appointed counsel William A. Wineberg, Jr., and James W. Gladden, Jr., of the Chicago Bar for their able and diligent efforts on behalf of petitioner-appellant.