Michele MARCHESE, Appellant,

v.

UNITED STATES of America, Appellee.

Jesse DEL BONO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20893.

United States Court of Appeals Ninth Circuit.

May 25, 1967.

Rehearing Denied June 19, 1967.

Burton Marks, Bruce I. Hochman, Beverly Hills, Cal., for appellant, Michele Marchese.

Russell E. Parsons, Los Angeles, Cal., for appellant, Jesse Del Bond.

Manuel L. Real, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief Crim. Div., Thomas H. Coleman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and SMITH,* District Judge.

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

BARNES, Circuit Judge.

On February 10, 1965, this court referred to the legal maneuvers of apellants to avoid imprisonment (341 F.2d 782), after their conviction in 1958 by a jury (and the affirmance of their convictions in 1959 by this court) of selling two pounds of heroin. Their petitions for a writ of certiorari were denied by the Supreme Court. 360 U.S. 930, 79 S. Ct. 1447, 3 L.Ed.2d 1543 (1959) and 360 U.S. 938, 79 S.Ct. 1463, 3 L.Ed.2d 1550 (1959). This court described the matter as "extraordinary," on their second appeal. The appellants' freedom on bail as of this date is even more extraordinary; and a sad commentary on how delays can be achieved that destroy any faith in the certainty of punishment for crime.

Appellants were convicted and the conviction affirmed. 264 F.2d 892 (9th Cir. 1959). Motions under § 2255 were denied in 1960, and reconsideration of those motions was denied in 1961. Writs of habeas corpus were denied, and the denial affirmed by this court. 304 F.2d 154 (9th Cir. 1962). Certiorari was granted by the Supreme Court and the matter was returned "for reconsideration in light of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068 [10 L.Ed.2d 148]." 374 U.S. 101, 83 S.Ct. 1686, 10 L.Ed.2d 1026 (1963). On remand Hon. Thurmond Clarke modified the original sentence. On appeal from that modification (341 F.2d 782 (9th Cir. 1965)) we:

(1) Determined that Judge Clarke's action in reducing the sentences of Marchese and Del Bono and ordering their immediate release exceeded his jurisdiction and that of his court;

(2) Reversed the erroneous judgment as to each of the then appellees; and

(3) Ordered that Marchese and Del Bono be remanded to custody forthwith.

A petition for rehearing was denied by this court (March 3, 1965), and certiorari was denied by the Supreme Court, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965).

Thereafter, and on January 19 and 20, 1966, the Hon. Thurmond Clarke spread the mandate of this court, and denied each appellants' respective motions entitled: "Motion to file Amended Findings of Fact, Conclusions of Law and Judgment, or in the Alternative to Treat Motion as New Supplemental Motion under Sections 2243 and 2255, Title 28, U.S.C." (C.T. 143 and 253.) and denied the motions to discharge petitioners from custody. (C.T. p. 196.) "Amended Findings of Fact and Conclusions of Law following Reversal and Remand by Circuit Court of Appeals" were proposed and lodged (C.T. pp. 166–178, 258–268), but neither filed nor signed. This is an appeal from the denial of said motions.[1]

Thus, fifteen months after the district court's denial of the petitioners' motion and some twenty-eight months after the entry of judgment and order of the district court freeing the petitioners from prison (which order was found by this court of appeals to be illegal), the petitioners are still at large on bail.

■ We affirm the order of the district court below, denying each and all of the petitioners' motions which are the subject of this appeal. The opinion of this court, filed February 10, 1965, is the law of the case. We hold that Hon. Thurmond Clarke had no authority to do what he purported to do. We neither suggested nor implied that he was required to make any other or further findings. He was not in error in refusing to do so on January 19 and 20, 1966.

■ No new matters, not heretofore passed upon, are raised on this appeal. We were asked in oral argument to

---

[1]. An order nunc pro tunc denying the motions and "certifying" the cases to the Court of Appeals for the Ninth Circuit for clarification of its decision, opinion and remand in United States v. Marchese, 341 F.2d 782 (9th Cir. 1965) was entered April 26th, 1966. *The petitioners were permitted to remain on bail.* A separate amended and supplemental notice of appeal was then filed. (C.T. pp. 279; 280–281.)

anticipate what the Supreme Court of the United States might say or do in Katz v. United States, 9 Cir., 369 F.2d 130, certiorari granted March 13, 1967, and further to anticipate that whatever that Court might say or do would be held retroactive in effect. This we decline to do. We prefer to follow, as we must, the last views expressed by the majority of the Supreme Court in Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L. Ed.2d 394 (1966). Here, as in *Osborn*, supra, the electronic device was used by and with the consent of one party to a conversation to make an accurate record thereof. The tape recording did not involve "the surreptitious surveillance by an outsider."

The order of the Hon. Thurmond Clarke refusing to file amended findings of fact and conclusions of law, or to treat the motion as supplemental, is in all respects affirmed, and we again order the appellants remanded to custody forthwith.