**Michele MARCHESE, Appellant,**

**v.**

**UNITED STATES of America et al.,**
**Appellees.**

**No. 22681.**

United States Court of Appeals
Ninth Circuit.

April 23, 1969.

Burton Marks, Beverly Hills, Cal., and Bruce I. Hochman, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Thomas H. Coleman, Dennis Kinnaird, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

BARNES, Circuit Judge:

Appellant was convicted on June 16, 1958 of selling two pounds of heroin—approximately equaling in size a loaf of bread. He was sentenced to ten years imprisonment.

To understand this appeal requires familiarity with the following opinions of this court and orders of the United States Supreme Court: Marchese v. United States, 264 F.2d 892, cert. denied, 360 U.S. 930, 79 S.Ct. 1447, 3 L. Ed.2d 1543 (1959); Marchese v. United States, 304 F.2d 154 (1962), cert. granted and vacated, 374 U.S. 101 83 S.Ct. 1686, 10 L.Ed.2d 1026 (1963); Marchese v. United States, 341 F.2d 782, cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L. Ed.2d 64 (1965); Marchese v. United States, 378 F.2d 16, cert. denied, 389 U. S. 930, 88 S.Ct. 294, 19 L.Ed.2d 283, rehearing denied, 389 U.S. 1025, 88 S.Ct. 585, 19 L.Ed.2d 674 (1967).

In 1965, when appellant's case was in this court for the second time, we referred to appellant's legal maneuvers as "extraordinary." We referred again to the extraordinary nature of the proceedings after appeal in 1967. Nothing has caused us to change our expressed opinion.

During the almost nine years between June 16, 1958 and May 25, 1967, appellant had spent almost four years *out* of prison, on bail.

On December 4, 1967, appellant filed a new § 2255 motion to vacate and set aside his judgment of conviction. This was denied, and this appeal was taken. Meanwhile, on January 11, 1968, appellant had filed a petition for a writ of habeas corpus with Mr. Justice Douglas, which was by him referred to the whole Court, and docketed as Misc. No. 1178, October Term 1967. The Supreme Court declined to take action April 1, 1968 (390 U.S. 1001, 88 S.Ct. 1255, 20 L.Ed.2d 110).

In this court's opinion in this case in 1967, we said (378 F.2d 16, 17–18) what appears in note 1 herein.[1] We declined to await the Supreme Court's opinion in Katz v. United States, 369 F.2d 130 (1966).

Our opinion in *Katz, supra,* was reversed by the Supreme Court on December 18, 1967 (389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576). This appeal presents the issue as to whether *Katz* should be applied retroactively. In Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248, decided March 24, 1969, the Supreme Court said:

> "We have concluded * * * that to the extent *Katz* departed from previous holdings of this Court, it should

be given wholly prospective application."

*Cf. also* Kaiser v. New York, 394 U.S. 280, 89 S.Ct. 1044, 22 L.Ed.2d 274 (1969).

Affirmed.

---

[1] "We were asked in oral argument to anticipate what the Supreme Court of the United States might say or do in Katz v. United States, 9 Cir., 369 F.2d 130, certiorari granted March 13, 1967, and further to anticipate that whatever that Court might say or do would be held retroactive in effect. This we decline to do. We prefer to follow, as we must, the last views expressed by the majority of

the Supreme Court in Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966). Here, as in *Osborn, supra,* the electronic device was used by and with the consent of one party to a conversation to make an accurate record thereof. The tape recording did not involve 'the surreptitious surveillance by an outsider.' "