## Commonwealth v. Fleegle

*Alexander Ogle,* District Attorney, for Commonwealth.

*Archibald M. Matthews,* for defendant.

COFFROTH, P. J., March 6, 1970.—This matter is before the court on exceptions by defendant to an item of $15.46 taxed as costs for the fees and mileage of two witnesses for their appearance and testimony before the court at defendant's presentence hearing.

Defendant pleaded guilty to two charges of receiving stolen goods from the two witnesses who had previously been indicted and sentenced. The district attorney considered that the personal appearance of these principals would be more helpful to the court in determining upon a proper sentence than the second-hand report of the arresting officer. Counsel for defendant, on the other hand, says that the calling of the witnesses was unnecessary and "oppressive" upon defendant.

The small amount of money involved scarcely justifies an opinion, but since the problem will undoubtedly arise again, an expression of views is called for.

We agree that the personal presence of these two witnesses was, in fact, helpful to the court, partly because the writer as the sentencing judge did not handle the cases against the two witnesses and did not have the benefit of any previous contact with them. There was certainly no intent or attempt on the part of the Commonwealth to saddle defendant with unnecessary costs. The action cannot fairly be described as oppressive.

The broader question is whether witnesses other than the arresting officer and the victim may lawfully be subpoenaed to the hearing before the court imme-

diately prior to sentencing and the costs thereof taxed to defendant.

Counsel for defendant correctly says that the costs are not taxable unless the district attorney can point to a statute authorizing it. The district attorney points to section 1403 of the County Code, 16 PS §1403, which authorizes taxing prosecution expenses as part of the costs of the case to be paid by defendant. But this act relates to "expenses" incurred by the district attorney. Ordinary witness fees are not such expenses. Ordinary witness fees are taxable as costs under the general law relating to witnesses and their fees: 28 PS §416.1, et seq.; they are not obligations or expenses incurred which would require or come within the special authority of section 1403 of the County Code.

It is not necessary to give a strained construction to section 1403 in order to tax these fees as costs; they are well within the statutory language of the general acts relating to the issuance of subpoenas and the taxing of witness fees. The courts have express power to "issue writs of subpoena . . . to summon and bring before the . . . court any person to give testimony *in any cause or matter depending before them. . .*": 17 PS §361. The Witness Fee Act applies to any witness subpoenaed to testify *"before any court of record. . .*": 28 PS §416.1 (Italics supplied.)

A criminal case is not completed until defendant is sentenced; the sentence is the judgment of the court: Commonwealth v. Mackley, 380 Pa. 70. The sentencing procedure is a critical stage in a criminal prosecution: Commonwealth ex rel. Remeriez v. Maroney, 415 Pa. 534; it is to the interest of both the public and defendant that the court be adequately informed as to all relevant facts. We believe that the above acts are broad enough to authorize the calling of witnesses to the sentencing and the taxing of the fees and mileage as costs.

Of course, the power of subpoena must always be reasonably exercised and is subject to control of the court, so that the costs will not become oppressive to a defendant. There is no abuse of discretion in this case.

Now, March 6, 1970, exceptions dismissed.