26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee Roy B. BOSTIC, Jr., Plaintiff-Appellant,
v.
David BRACKNEY, (SIS), et al., Defendants-Appellees.
 No. 93-16172.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Lee Roy B. Bostic, Jr. appeals pro se the district court's summary judgment in favor of prison officials in Bostic's action pursuant to Bivens v. Six Unknown Names Agents, 403 U.S. 388 (1971). Bostic contends that his right to due process was violated when prison officials refused to allow one of Bostic's witnesses to testify at a disciplinary hearing based on their mistaken belief that the witness was unavailable.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and we affirm.
 
 I. Background[2]
 
 3
 Bostic was charged with assaulting Reece Jones, a fellow inmate, in the prison cafeteria Bostic requested that Jones be permitted to testify at his disciplinary hearing. According to Bostic's and Jones's affidavits, Jones intended to testify that the assault never took place. Jones, however, was not called to testify because the hearing officer believed that Jones had been released from custody.
 
 II. Merits
 
 4
 Bostic contends that the district court erred by entering summary judgment in favor of prison officials on the issue of whether corrections officers had a good faith belief that Jones was unavailable to testify. A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the nonmoving party does not respond by setting forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. Fed.R.Civ.P. 56(e).
 
 
 5
 At summary judgment, prison officials conceded that Jones was still incarcerated at the time of the disciplinary hearing. Prison officials introduced the affidavit of the hearing officer, who stated under oath that at the time of the hearing, he was aware that Jones was due to be released from prison shortly. In an attempt to locate Jones, he called the Special Housing Unit and asked if Jones was still "here." He was told that Jones had "left" yesterday. The hearing officer interpreted "left" to mean Jones had been released from prison. In fact Jones had been transferred to another housing area within the prison.
 
 
 6
 In response, Bostic submitted his own affidavit arguing that Bostic the hearing officer's affidavit was not credible. Bostic did not submit any admissible evidence challenging the hearing officer's affidavit. Because the hearing officer's affidavit was sufficient to establish that the had a good faith belief that Jones was not available, the district court properly entered summary judgment in favor of the defendants. See List, 880 F.2d at 1045.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Bostic's prior appeal, we affirmed the district court's summary judgment on all issues except one. See Bostic v. Brackney, No. 91-16131 (unpublished memorandum disposition) (9th Cir. Sept. 17, 1992). We remanded on the issue of whether prison officials had a good faith belief that the witness had been released from custody and, therefore, was unavailable to testify at Bostic's hearing. We decline to review our prior decision. See Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.1993)
 To the extent that Bostic challenges orders of the district court refusing to reconsider issues decided in the prior appeal, we affirm the district court's denial of such motions. See Marchese v. United States, 378 F.2d 16, 17 (9th Cir.), cert. denied, 389 U.S. 930 (1967).
 
 
 [2]
 Because the background in this appeal is set forth fully in Bostic v. Brackney, No. 91-16131 (unpublished memorandum disposition) (9th Cir. Sept. 17, 1992), we repeat only those facts pertaining to the issue in this appeal