Commonwealth ex rel. Ross, Appellant, *v.* Botula.

Submitted April 12, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*James Ross,* appellant, in propria persona.

*Vincent J. Pepicelli,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., June 17, 1965:

In 1960, James Ross, appellant, was sentenced to imprisonment for larceny. This sentence followed a plea of guilty by appellant who was without the assistance of counsel at any stage of the proceedings.

In 1965, appellant, again without counsel, filed a petition for writ of habeas corpus in the Court of Common Pleas of Crawford County. The petition was denied on January 21, 1965, without a hearing. The appeal from that denial is presently before us.

The single question in this case is whether appellant effectively waived his constitutional right to counsel.

The Commonwealth contends, and the lower court agreed, that appellant waived this constitutional right by signing the following prepared statement:

"December 12, 1960

"The defendant in open court plead[s] guilty to the charge preferred in the within indictment, waives presentation thereof to the Grand Jury, waives appoint-

ment of counsel, and consents to the pronouncement of sentence forthwith.

(s) James Ross

Record verified by:
(s) Walter Johnson
Clerk"

This statement was stamped on the back of the indictment. Spaces were left open for the insertion of the date and the signatures of the defendant and the verifying clerk.

The Commonwealth thus bases its contention solely on the express waiver contained in appellant's signed statement. It has presented no other evidence relating to or establishing such waiver.

Both the United States Supreme Court[1] and the Pennsylvania Supreme Court[2] have repeatedly stated that a waiver of counsel, to be effective, must be the understanding and intelligent act of the accused.

In *Von Moltke v. Gillies*, 332 U. S. 708, 724, 68 S. Ct. 316, 323 (1948), the United States Supreme Court set forth the criteria by which the validity of a waiver of counsel may be determined:

"To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understanding-

[1] *Johnson v. Zerbst*, 304 U. S. 458, 468, 58 S. Ct. 1019, 1024 (1938) ; *Carnley v. Cochran*, 369 U. S. 506, 516, 82 S. Ct. 884, 890 (1962).

[2] *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 69-71, 202 A. 2d 303, 305-306 (1964) ; *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 525-527, 204 A. 2d 439, 444-445 (1964).

4

ly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

These standards were adopted by the Supreme Court of Pennsylvania in *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 69-70, 202 A. 2d 303, 305 (1964).[3]

After setting forth this procedure, the United States Supreme Court in *Von Moltke* then stated at p. 724:

"This case graphically illustrates that a mere routine inquiry—*the asking of several standard questions followed by the signing of a standard written waiver of counsel*—may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel." (Emphasis added)

In the instant case, there has not been demonstrated even that "routine inquiry" which was present in the *Von Moltke* case. The signed statement does not indicate under what circumstances and with what understanding and awareness appellant waived counsel. Was he informed of his right to counsel and of the nature of the charges against him? Were any possible defenses or circumstances in mitigation of the charges explained to him? In short, we have no information which discloses whether appellant understandingly waived counsel after a sufficiently penetrating and comprehensive examination by the trial judge. It is clear to us that a signed statement alone cannot establish that a defendant waived this right understandingly and intelligently.[4]

---

[3] See also *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 525-526, 204 A. 2d 439, 444 (1964) ; *United States ex rel. McDonald v. Myers*, 343 F. 2d 447 (3d Cir. 1965).

[4] The Commonwealth further contends that appellant failed to allege in his petition that the waiver was not signed by him intelligently and understandingly. While not specifically alleged, this charge is implicit in appellant's brief. Appellant makes reference

It will be necessary for the lower court, therefore, to ascertain the circumstances under which the written waiver was obtained. Accordingly, the order of the Court of Common Pleas of Crawford County is reversed and the record is remanded to that court with direction to hold a hearing on the petition.

ERVIN, P. J., dissents.

---

to his own youth and inexperience. He further claims that when signing the statement he was not aware of his right to counsel or of the nature of the charges against him.