## Commonwealth ex rel. Brown, Appellant, *v.* Cavell.

Submitted April 12, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Samuel S. Brown*, appellant, in propria persona.

*Vincent J. Pepicelli*, District Attorney, for appellee.

OPINION BY HOFFMAN, J., June 17, 1965:

This is an appeal from the order of the court below dismissing a petition for writ of habeas corpus without a hearing.

Appellant raises many contentions only one of which contains any merit and warrants consideration. The single difficulty in this case is whether appellant intelligently waived his constitutional right to counsel. The record before us discloses only that appellant signed a statement of waiver prepared by the Commonwealth.[1] In light of our decision today in *Commonwealth ex rel. Ross v. Botula*, 206 Pa. Superior Ct. 1, 211 A. 2d 42 (1965), it will be necessary for the lower court to ascertain the circumstances under which this written waiver was obtained.

The Commonwealth further contends that these same matters concerning waiver of counsel were raised by a previous petition for writ of habeas corpus which was dismissed after a hearing on April 30, 1964. It is true that ordinarily petitions which are merely repetitious may be dismissed without a hearing. However,

---

[1] It stated: "The defendant in open court plead[s] guilty to the charge preferred in the within indictment, waives presentation thereof to the Grand Jury, waives appointment of counsel, and consents to the pronouncement of sentence forthwith."

subsequent to the dismissal of the earlier petition, the criteria for a valid waiver of counsel were more fully explained by our Supreme Court. *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A. 2d 303 (1964); *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964). A rehearing on this question in the instant case is not unwarranted in light of the considerations in those decisions.

The order of the Court of Common Pleas of Crawford County is reversed and the record is remanded to that court with direction to hold a hearing on the petition.

ERVIN, P. J., dissents.