Commonwealth ex rel. Fletcher, Appellant, *v.* Cavell.

18

Submitted September 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*James William Fletcher*, appellant, in propria persona.

*Wilson Bucher*, District Attorney, for appellee.

OPINION PER CURIAM, November 11, 1965:

Relator's petition for writ of habeas corpus was dismissed without a hearing. On appeal, he alleges that he signed a prepared statement in which he entered a plea of guilty to arson. The "Guilty Plea" form stated that relator voluntarily waived his right to counsel, and that he understood the nature of the charge against

him as well as the maximum penalty which could be imposed.

Only after a sufficiently penetrating and comprehensive examination can the judge be assured that the accused's waiver of counsel was intelligent and understanding. There is nothing in the record to indicate that the judge did examine the accused in accordance with this requirement. Under our decision in *Commonwealth ex rel. Ross v. Botula,* 206 Pa. Superior Ct. 1, 211 A. 2d 42 (1965), it will be necessary for the lower court to ascertain the circumstances under which this written waiver was obtained.

The Commonwealth contends that this matter concerning waiver of counsel was raised by a previous petition for writ of habeas corpus which was dismissed on October 29, 1963. Ordinarily, repetitious petitions may be dismissed without a hearing. Subsequent to the dismissal of the earlier petition, however, the criteria for a valid waiver of counsel were more fully explained by our Supreme Court. A rehearing on this question is not unwarranted in light of this consideration. Cf. *Commonwealth ex rel. Brown v. Cavell,* 206 Pa. Superior Ct. 11, 211 A. 2d 22 (1965).

Accordingly, the order of the Court of Common Pleas of Lancaster County is vacated, and the record is remanded to that court with directions to hold a hearing on the petition.

ERVIN, P. J., dissents because relator signed an express waiver of counsel.