Commonwealth ex rel. Fairman, Appellant, *v.* Cavell.

Argued April 29, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*R. Stanton Wettick, Jr.,* for appellant.

*W. Thomas Malcolm,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, September 27, 1966:
The appellant, Richard J. Fairman, on January 2, 1961, plead guilty without counsel to district attorney's bills of indictment charging burglary, larceny and receiving stolen goods. He was sentenced to a term of imprisonment under which he is presently confined.

On February 8, 1965, he instituted an action in habeas corpus which, after hearing, the trial court dismissed. On appeal, the Superior Court affirmed. We granted allocatur.

The Sixth Amendment to the Constitution of the United States, which is applicable to criminal proceedings in state courts, requires that the accused be given the assistance of counsel at every critical stage of a criminal prosecution: *Gideon v. Wainwright,* 372 U.S. 335 (1963); *White v. Maryland,* 373 U.S. 59 (1963); and *Commonwealth v. Sliva,* 415 Pa. 537, 204 A. 2d 455 (1964). The ruling of *Gideon* is retroactive and the hearing on a guilty plea is a "critical stage" in the criminal prosecution: *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964).

While counsel need not be "forced" on an accused and this right may be effectively waived, a judicial finding of such may not be made lightly: *Johnson v.*

*Zerbst,* 304 U.S. 458 (1938). Further, where the trial or plea proceedings record fails to affirmatively show that the accused was offered counsel and declined such assistance, the burden is upon the Commonwealth to show that such assistance was intelligently and understandingly waived: *Carnley v. Cochran,* 369 U.S. 506 (1962), and *Commonwealth ex rel. O'Lock v. Rundle,* supra.

In the instant case, no transcript was made of the plea proceedings. However, the court records disclose, that on the district attorney's bills of indictment, Fairman signed the following printed statement, "And now to wit: The second day of January, A.D. 1961, the defendant pleads guilty, waiving grand jury action and right to counsel."

At the habeas corpus hearing, Fairman testified, that on January 2, 1961, he was indigent; that at no time before or during the plea proceedings was he advised of his right to be represented by counsel, or did anyone offer to appoint counsel to assist him. The record discloses that the only testimony offered in refutation was that of the district attorney at the time the guilty pleas were entered. The district attorney testified that he did not remember the Fairman case specifically, but in every case it was his practice to advise an uncounseled defendant of his right to have an attorney, and if he were without means to secure such assistance, the court would appoint counsel to represent him.

We are not persuaded that the Commonwealth met its burden of proving that the right to the assistance of counsel was effectively waived. The signed written statement of the guilty plea, including a waiver of counsel and presentment to the grand jury, is not in itself sufficient to establish an *intelligent* and *understanding* waiver. See, *Commonwealth ex rel. Ross v. Botula,* 206 Pa. Superior Ct. 1, 211 A. 2d 42 (1965).

142

While it certainly supports a conclusion that Fairman agreed to proceed with his plea without the benefit of counsel, it clearly, without more, does not establish that he did so intelligently and with full understanding of his right to the assistance of counsel. Nor are we persuaded that the testimony of the district attorney, considered with the signed printed waiver, is sufficient to meet the Commonwealth's clear burden of proving that *this particular defendant* was fully apprised of his constitutional rights at this very critical stage in the prosecution.

We note that the trial judge who also presided in the habeas corpus action does state in the opinion filed in support of the dismissal of the action, that he distinctly remembers the district attorney advising Fairman of his right to counsel at the time the plea was entered. Since the present action was instituted and heard in the court below prior to the effective date (March 1, 1966) of the Post Conviction Hearing Act (P. L. (1965) 1580, 19 P.S. §§1180-1 to 1180-14)* that legislation does not control herein. Moreover, even if the statement of the trial judge were to be considered a "certificate" as contemplated by the Act of 1966, supra, it was not received nor offered as evidence at the hearing on the petition. Hence it may not be considered as part of the record of that hearing.

It is also noted that it is neither asserted nor intimated that the trial judge advised Fairman of his

---

* Sec. 9 of this Act provides that the "Certificate of the trial judge" shall be received in evidence at the hearing. The genesis of this provision insofar as such certifications are concerned is probably 28 U.S.C. §2245, 62 Stat. 966 (1948), governing practice in the federal courts, which provides that "the certificate of the judge who presided at the trial resulting in the judgment, setting forth the facts occurring at the trial, shall be admissible in evidence." While Sec. 9 of the Post Conviction Hearing Act, supra, is less specific, its purpose is undoubtedly identical with that of the federal rule described.

right to counsel, or made any inquiry as to whether Fairman knew his rights in this regard or the nature and impact of his plea. The whole present problem could have been avoided if this procedure had been followed and an adequate record effected. See, *Commonwealth ex rel. Fink v. Rundle*, 423 Pa. 133, 222 A. 2d 717 (1966).

The order of the Superior Court is reversed. The order of the Court of Common Pleas of Indiana County is reversed, and the record is remanded to that court with directions to issue the writ and grant a new trial.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

This case is decided by the majority on a stretched technicality that will not only greatly increase litigation which is already swamping our Courts but will also further jeopardize the protection of Society from criminals.

The District Attorney testified in Fairman's habeas corpus proceeding (hearing) that while he could not remember the details of this particular plea,* it was his practice "in every case" to advise an uncounseled defendant of his right to counsel, and if without means, that the Court would appoint counsel for him. Furthermore, the Opinion of the lower Court was based not only on the testimony of the District Attorney but even more importantly, (1) on the personal recollection of the Trial Judge of the facts at the time the waiver of counsel was made, and (2) the record itself.

The record is adequate to show a prima facie case of a voluntary, understanding and intelligent waiver

---

* A District Attorney and a Trial Judge often hear more than 100 guilty pleas. Unless the case or the defendant is exceptional, how is it possible to realistically expect any District Attorney or any Judge to remember, many years after the trial, *details* as to waiver or warning in every case. Why not take our heads out of the clouds and come down to this practical crime-ridden earth?

of counsel by the defendant in pleading guilty in writing to the indictments for robbery and crimes well known to every adult and juvenile alike.

For example, the Court records disclose that on the District Attorney's Bills of Indictment, Fairman signed the following printed statement: "And now to wit: The second day of January, A.D. 1961, the defendant pleads guilty, waiving grand jury action and right to counsel. Richard J. Fairman."

The decision of the majority that this robber is entitled, nearly five years after his guilty plea, to a new trial on the basis of a conjectural doubt which flies in the teeth of the clear record of waiver of counsel, makes the protection of and Justice to Society a travesty.

For these reasons, I vigorously dissent.