## Commonwealth v. Brady

*Paul D. Shafer, Jr.*, for Commonwealth.

*Mark D. Prather*, for defendant.

THOMAS, J., July 17, 1967.—These cases are now before the court on defendant's motion for a new trial, and the sole issue raised thereby may be simply stated, as follows:

Do the exclusionary rules of Miranda v. Arizona, 384 U. S. 436, 34 L. W. 4521, apply to a retrial of a defendant originally indicted and sentenced after pleas of guilty in 1962?

This issue arose by reason of the following circumstances: In 1962, defendant, James Lee Brady, entered pleas of guilty to seven indictments charging various forms of burglary and larceny. He was sentenced on all of these indictments by the Hon. Herbert A. Mook, (now deceased), on December 3, 1962, for a minimum term of two and one-half years and a maximum term of five years, to run concurrently from October 19, 1962. He filed a postconviction petition in October 1966, and, after hearing thereon, this court granted new trials on the ground that defendant was not represented by counsel at the time of the entry of his pleas and did not knowingly and intelligently waive his rights to counsel: Commonwealth ex rel. O'Lock v. Rundle, 415 Pa. 515, 207 A. 2d 439; Commonwealth ex rel. Fairman v. Cavell, 423 Pa. 138. (The court also referred to a prior opinion, involving the same issue, which cited the applicable Federal cases.)

We then appointed counsel to represent defendant, and, prior to retrial on six of the indictments (one was nol prossed because the evidence was no longer available), defense counsel filed a motion under *Rule 324 of the Pennsylvania Rules of Criminal Procedure*

to suppress oral statements of defendant admitting the offenses charged. Defendant raised only the question of denial of the right to counsel and did not raise the question of *Involuntariness* under *Pa. R. Crim. R. 323* Nevertheless, the court (although the facts were originally stipulated at the hearing on the motion to suppress) entered an order requiring a hearing, which we quote:

"ORDER

"The relevant facts in this case were stipulated at the hearing on the Motion to Suppress. However, in working out said stipulation, there was some indication on the part of the defendant that he intended to deny that he was advised of his right to remain silent. This may have some effect upon the issue of whether or not the statements were voluntary.

"Therefore, in view of the fact that the Court has adopted the position that the safeguards of Escobedo vs. Illinois and Miranda vs. Arizona do not apply, it is deemed advisable that testimony be taken on this defendant's Motion to Suppress either prior to the commencement of trial or during the course thereof to determine the voluntariness of any statements, admissions, or confessions made by the defendant.

"Per curiam,
"F. Joseph Thomas
"Judge
"Dated: May 6, 1967".

After hearing, we found that the oral admissions did not meet the standards of Miranda but were voluntary and that said standards did not apply to retrial. This ruling was based on the cases holding that, in cases prior to Miranda, failure to warn an accused of his right to remain silent (not present here) and of his right to counsel are factors for consideration in determining whether the confession was voluntary,

but do not make the confession inadmissible if voluntarily made: Commonwealth v. Patrick, 424 Pa. 380.

Defendant does not question the voluntariness of the oral confessions, but raises only the issue of the applicability of the Miranda exclusionary rules. On this issue, we found no Pennsylvania cases, but the authorities in other jurisdictions are divided. Arizona, Wisconsin and the United States Court of Appeals, Fifth Circuit, have applied Miranda in cases similar to this case: State of Arizona v. Brock, 101 Ariz, 168, 416 P. 2d 601 (but see dissent); State of Wisconsin v. Shoffner, 31 Wis. 2d 412, 143 N. W. 2d 458 (but see dissent); Gibson v. United States of America, 363 F. 2d 146, 35 L. W. 2046, U. S. Court of Appeals, Fifth Circuit.

Delaware, New York and Illinois disagree: Jenkins v. State, 230 A. 2d 262, 35 L. W. 2721; People v. La Belle, 277 N. Y. S. 2d 847; People v. Worley, 227 N. E. 2d 746, 36 L. W. 2001 (1967).

This split of authority is not surprising in view of the apparent ambiguity, on this point, of Johnson v. New Jersey, 384 U. S. 719, 34 L. W. 4592. In that case, after analyzing the reasons for retroactivity and non-retroactivity, the majority opinion states:

"All of the reasons set forth above for making Escobedo and Miranda non-retroactive suggest that these decisions should apply only to *trials* begun after the decisions were announced. *Future* defendants will benefit fully from our new standards governing in-custody interrogation, while *past* defendants may still avail themselves of the voluntariness test. Law enforcement officers and trial courts will have fair notice that statements taken in violation of these standards may not be used against an accused". (Italics supplied.)

A few paragraphs later, the majority opinion sets forth:

"In the light of these additional considerations, we conclude that Escobedo and Miranda should apply only to *cases commenced* after those decisions were announced". (Italics supplied.)

Finally, the opinion concludes:

"Because, Escobedo is to be applied prospectively, this holding is available only to persons whose trials began after June 22, 1964, the date on which Escobedo was decided".

". . . The disagreements among other courts concerning the implications of Escobedo, however, have impelled us to lay down additional guidelines for situations not presented by that case. This we have done in Miranda, and these guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966".

The words that these decisions should apply "only to trials begun after the decisions were announced", and "this holding is available only to persons whose trials began after June 22, 1964", as well as, "these guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966", suggest that the rules would apply to a retrial, if the word "trials" includes "new trials". On the other hand, the words, "*future* defendants will benefit fully from our new standards", and "*past* defendants may still avail themselves of the voluntariness test", and particularly the words, "we conclude that Escobedo and Miranda should apply only to *cases commenced* after those decisions were announced", definitely suggest that the rules would not apply to the situation existing in this case.

In those jurisdictions holding that the Miranda rules apply to a retrial, it is assumed, except by the dissents, that the rules apply without raising the problem (State v. Shoffner, supra; State v. Brock, supra), or the court holds that "we see no reason why those

principles (Miranda) should not be applied on the new trial". (Gibson v. United States of America, supra).

The dissenting opinions in Wisconsin and Arizona, and the opinions in those jurisdictions holding that Miranda does not apply to a retrial of a "past defendant", reach their conclusions by examining the reasons for the rule. For example, the dissenting justice in State v. Shoffner, supra, reasons thus:

"One of the obvious purposes of Miranda is to upgrade police practices insofar as affording the accused his constitutional protection. Some practices now prohibited by Miranda were legally acceptable at the time of the alleged criminal act, at the time of the custodial interrogation, and at the commencement of his trial. The arrest and interrogation were in October, 1964; the trial commenced in May of 1965. I do not believe it is the intention of Miranda to reach back to challenge otherwise legal police procedures on the dates set forth".

And Justice Udall, dissenting in State v. Brock, supra, points out:

"The retrial of this case deals precisely with the same crime and the same facts will be involved. In Johnson, the Supreme Court has specifically stated that the principles enunciated in Miranda would not apply to cases brought to trial before June 13, 1966. It is neither logical nor reasonable that the retrial of this cause should be conducted under different rules than prevailed when it was tried the first time. In Johnson the Supreme Court said, 'We hold further that Miranda applies only to cases in which the trial began after the date of our decision one week ago'.

"It was the intention of the high Court to give stability and uniformity to all cases that had been tried previous to June 13, 1966. It is contrary to the principle of fair play to change the rules in the middle of a

case. It would work an extreme hardship on law-enforcement officers if all cases that are sent back for a new trial, because of some technical error, at most, in the trial of the case, must at the retrial be governed by the principles of Miranda rather than the principles enunciated in Johnson".

Perhaps the most analytical examinations of the reasons behind the rule is contained in the Illinois case of People v. Worley, 227 N.E. 2d 746, and the New York case of People v. LaBelle, supra. In the Illinois case, the court, after setting forth the three factors entering into the Johnson v. New Jersey, supra, decision on this point, concludes:

"Law enforcement officers placed identical reliance on the pre-Miranda rules to obtain confessions in all cases which commenced prior to June 13, 1966, and the fact that a retrial is ordered in some of these cases in no way alters this reliance.

"Our interpretation of the Supreme Court's intent in Johnson is reinforced by the fact that the court there made Miranda applicable only to cases commencing subsequent to June 13, 1966, expressly excluding those in which direct appeals were pending at the time Miranda was announced. This was in direct contrast to its action in Linkletter v. Walker, 281 U.S. 618, [33 L. W. 4576] in which the court, while declining to apply Mapp v. Ohio, 367 U.S. 643, retroactively, held it applicable to all cases in which the state court decision had not become final prior to announcement of Mapp. Also of some significance is the statement in Johnson that 'Future defendants will benefit fully from our new standards governing in-custody interrogation, while past defendants may still avail themselves of the voluntariness test' ".

The reasoning of the People v. La Belle, supra, case is quite similar, and the court observed:

"This present defendant is certainly not a future defendant, having been one well over two years prior to Miranda and the Supreme Court could not have had those in his position in mind. Again, the high court was concerned with validating what the enforcement officers fairly did and putting the retrial of this defendant in the class of an original trial will not serve that concern".

And, in the Delaware case of Jenkins v. State, supra, the court adopted the view that:

"We think it neither logical nor reasonable that the retrial should be conducted under rules different from those prevailing when the cases were tried the first time. In Johnson v. New Jersey, 384 U.S. 719, [34 L. W. 4592] the United States Supreme Court stated: 'We hold further that Miranda applies only to cases in which the trial began after the date of our decision.' A new trial is not a new case; it is a continuation of the original case until the judgment is final". Johnson refers to "cases" the original trial of which commenced after June 13, 1966.

We adopt the rationale of those jurisdictions, and the dissents in the others, holding that the exclusionary rules of Miranda do not apply to the retrial of a 1962 defendant. We would add, in addition to the reasons expressed in those cases, that we believe that the Supreme Court of the United States would have specifically said that Miranda applied to retrials if it had so intended. This could easily have been done by adding to the words "trials begun" the words "or new trials begun", after the effective dates of the Escobedo and Miranda decisions, or by holding that the rules of these cases did not apply to cases on direct appeal "unless new trials are granted for other reasons in said cases".

Secondly, it would seem to us that to hold that the exclusionary rules apply where a new trial is granted would be, in effect, to make the rules retroactive in

some cases and not in others. There are undoubtedly many defendants who remain confined who would be entitled to new trials if Miranda were retroactive. To say now that they cannot secure their release or a new trial, whereas those who secure a new trial on retroactive grounds cannot be retried on the basis of non-retroactive rules, would, in our opinion, be difficult to justify either legally or morally. Finally, to permit this would deprive law enforcement officers of that "fair notice that statements taken in violation of these (Miranda and Escobedo) standards may not be used against the accused" since, after so many years, other evidence may not be available.

We direct that this opinion shall be filed at November sessions, 1962, No. 36, and we will enter separate orders at each number and term.

For the reasons set forth in the opinion filed at this number and term, we enter the following

ORDER

And now, July, 17 1967, the rule granted May 19, 1967, to show cause why a new trial should not be granted is hereby discharged, and defendant's motion for a new trial is denied.