524

Commonwealth ex rel. Murphy, Appellant, *v.*
Rundle.

Argued June 19, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Melvine Dildine,* Assistant Defender, with him *Leonard Packel,* Assistant Defender, *Martin Vinikoor,* First Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Joseph M. Smith,* Assistant District Attorney, with him *Burton D. Fretz* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 15, 1967:
This is an appeal by relator from the action of the court below dismissing his petition for a writ of habeas

corpus, without a hearing. The question presented is whether the record shows a voluntary and intelligent waiver of counsel by relator at trial.

Relator, along with three codefendants, was tried before a judge without a jury December 22, 1952 on indictments (Nos. 901 to 911, November Sessions, 1952) charging conspiracy, aggravated robbery, attempted robbery and carrying concealed deadly weapons. Relator was not represented by counsel although counsel acting on behalf of two of relator's three codefendants included relator in a demurrer to the evidence. Relator was found guilty on all charges above stated and sentenced on Bill No. 903 (robbery) to a term of ten to twenty years. Sentence was suspended on the other convictions.

The trial record on the basis of which relator's petition was dismissed disclosed the following. After ascertaining that the codefendants Samuel Butler and John W. Berry were represented by counsel, the trial judge asked, "Will you stand up, Murphy and Joseph Lee Berry? Have you men counsel to represent you in this trial? Have you any lawyers to represent you in this trial?" Defendants: (Joseph Lee Berry and Raymond Murphy) "No, sir." The Court: "What is your name?" Defendant Murphy: "Murphy." The Court: "Do you want a lawyer, Murphy?" Defendant Murphy: "No, sir." The following colloquy took place regarding the waiver of a jury trial: "The Court: Are you going to have a jury trial or are you going to waive jury trial? Defendant J. L. Berry: I would like to waive a jury trial and try it in front of you. The Court: What about you, Murphy? Defendant Murphy: Yes. The Court: Both of them want to waive a jury trial. What about the others?"

Regarding the charges the court asked, "All right. Do all these men understand that this is a charge—I presume that it relates to all, I have not broken it

down yet—of carrying a concealed deadly weapon, robbery and attempted robbery? Do you all understand what the charge is against you?" Defendant J. L. Berry: "Yes." The Court: "Do you understand, Murphy?" Defendant Murphy: "Yes."

Appellant received a sentence of ten to twenty years and Joseph L. Berry twenty to forty, which were heavier sentences than were imposed on John W. Berry who received seven to twenty years and Samuel Butler who received five to twenty years. The latter two were represented by counsel.

Appellant was entitled to counsel, absent an intelligent and understanding waiver. *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964). This fundamental constitutional right is applied retroactively. Whether or not there is an intelligent waiver depends upon the circumstances of the particular case, including the background and conduct of the accused. *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed 1461, 146 A.L.R. 357 (1938). The requirements of a valid waiver of the right to counsel are set forth in *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 69, 202 A. 2d 303, 305 (1964), quoting *Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S. Ct. 316, 92 L. Ed. 309 (1948): " 'To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances . . .' "

Here the charges on which all defendants were found guilty were of a serious nature. The judge's inquiry concerning a possible waiver was limited and perfunctory. The court did not inform appellant of his right to counsel. There was no attempt to ascertain whether appellant understood the nature of the charge nor the possible conflict of interest among the four codefendants, the possible punishments or defenses. The bare inquiries as to whether appellant wanted counsel, or understood the nature of the charges, viewed in the light of the entire trial, were insufficient to show an intelligent waiver of counsel. Cf. *Commonwealth ex rel. Fletcher v. Cavell*, 207 Pa. Superior Ct. 17, 214 A. 2d 307 (1965); *Commonwealth ex rel. Ross v. Botula*, 206 Pa. Superior Ct. 1, 211 A. 2d 42 (1965). The limited inquiry by the trial court was inadequate to protect appellant's fundamental constitutional rights.

Here, as in *Commonwealth ex rel. McCray v. Rundle*, supra, there is evidence that counsel for two codefendants secured a lighter sentence for them, and acted for his clients at the expense of appellant. From a review of the entire record we conclude that appellant did not understandingly and intelligently waive his right to counsel; rather the record indicates no such waiver. Cf. *Commonwealth ex rel. Wright v. Cavell*, 422 Pa. 253, 220 A. 2d 611 (1966).

Although appellant had a criminal record prior to the time he appeared in court on the present charges, which is a factor to be considered in resolving the issue of waiver, we do not believe the inquiry made by the trial judge in the case satisfies the requirements of the present law even in the light of his record. As the law existed in 1942 the inquiry probably would have been sufficient under *Commonwealth ex rel. McGlinn v. Smith*, 344 Pa. 41, 24 A. 2d 1 (1942).

The District Attorney also presents the argument that appellant did not claim to be an indigent as fur-

ther reason for dismissing this appeal and we find no claim of indigency in this record. However, failure to claim indigency is not the controlling factor. Under the Federal Constitution everyone accused of crime has the right to be represented by counsel. The fact of indigency is only important when the accused desires counsel at public expense. The question of waiver must be determined regardless of whether the accused can or cannot afford to engage counsel. An effective waiver can be made only by an accused who has an understanding of his right. *Commonwealth v. Crandall,* 145 Pa. Superior Ct. 353, 21 A. 2d 232 (1941).

We hold this case, insofar as it concerns the sufficiency of the trial court's inquiry as to an intelligent and knowing waiver of counsel, is ruled by *Commonwealth ex rel. McCray v. Rundle,* supra, and *Commonwealth ex rel. O'Lock v. Rundle,* supra, in which cases the lower courts were directed to issue the writs and grant new trials.

The order of the Common Pleas Court No. 10 of Philadelphia County is reversed and the record is remanded to that court with directions to issue the writ and grant a new trial.

WRIGHT, J., would affirm on the opinion of Judge WEINROTT.