Commonwealth ex rel. Mullins, Appellant, *v.*
Maroney.

Argued September 28, 1967. Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*Edwin L. Klett,* with him *Eckert, Seamans & Cherin,* for appellant.

*Paul D. Shafer, Jr.,* Assistant District Attorney, with him *John Fuller,* Assistant District Attorney, and *Vincent J. Pepicelli,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 3, 1968:

Richard Mullins, accused of being one of three men who staged an armed robbery in the City of Meadville, Crawford County, Pennsylvania, in November 1961, was subsequently arrested for the crime in Marion, Ohio. He unsuccessfully fought extradition and was returned to Pennsylvania on February 1, 1962. He appeared before the court in Crawford County on February 5, 1962, without counsel and plead guilty to a district attorney's bill of indictment charging him with being an accessory before the fact to armed robbery. At the same time he signed a standard printed form on the indictment, which included, inter alia, a waiver of the right to the assistance of counsel and presentment of the charge to the grand jury.

Before accepting the plea, the trial court read the indictment to Mullins and was informed by the latter that he understood the nature of the charges. Mullins was also informed by the court that he had the right to have his case presented to the grand jury and the right to trial at which he could be present with counsel. As to his right to have the assistance of counsel before entering a plea to the indictment, the transcribed record of the proceedings shows the following: *"Questions by*

*the Court*: Q. Your name is Richard Mullins? A. Yes, sir. Q. Where do you live? A. Marion, Ohio. Q. Do you have an attorney? A. No, sir, I haven't. Q. Do you want one? A. No, I don't. Q. You have a right to have counsel here before you appear before the court, you understand that, do you? A. Yes, sir."

On February 5, 1962, Mullins again appeared without counsel before the court and was sentenced to a term of imprisonment under which he is presently confined. The record is silent as to whether or not on this occasion he was informed of his right to have the assistance of counsel. No appeal was entered from the judgment of sentence.

In 1964, Mullins instituted a habeas corpus action in Crawford County alleging unconstitutional deprivation of counsel at the time of plea and sentence. After hearing, the action was dismissed by the court, and on appeal the Superior Court affirmed. 204 Pa. Superior Ct. 749, 205 A. 2d 122 (1964). We denied allocatur.

In 1965, Mullins instituted habeas corpus proceedings in the United States District Court for the Western District of Pennsylvania and after a hearing that court concluded that a prima facie case for relief had been established, but that in the interest of comity the Pennsylvania state courts should be permitted to re-examine the issue in the light of recent pertinent decisions before a final order was entered.

Habeas corpus proceedings were then begun anew in Crawford County, and after a hearing that court concluded that Mullins had not intelligently waived his right to the assistance of counsel at the time of plea and was entitled to a new trial. The Commonwealth appealed to the Superior Court which reversed the order of the court below and dismissed the action. We granted allocatur.

There can be no doubt that under the Sixth Amendment to the United States Constitution, which is appli-

cable to criminal proceedings in the state courts, Mullins was entitled to the assistance of counsel, both at the time of plea and at the time he was sentenced, since each occasion was a "critical stage" in the criminal prosecution proceedings. *Commonwealth ex rel. Fairman v. Cavell,* 423 Pa. 138, 222 A. 2d 722 (1966); *Commonwealth ex rel. Remeriez v. Maroney,* 415 Pa. 534, 204 A. 2d 450 (1964); *Commonwealth ex rel. Johnson v. Maroney,* 416 Pa. 451, 206 A. 2d 322 (1965). And since it is undisputed that he was indigent and without funds to retain his own counsel at the time, the court was obliged to provide him with such assistance free of cost and expense. *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964). The above constitutional requirements are retroactive and mandatory in all instances, regardless of the date and year the plea was entered or sentence imposed. *Commonwealth ex rel. O'Lock v. Rundle,* supra.

However, the constitutional right to the assistance of counsel at the time of plea and sentence could be waived by Mullins if he did so intelligently and understandingly, *Commonwealth ex rel. Fairman v. Cavell,* supra. The pivotal question is whether or not such a waiver was effected. We conclude that it was not.

As we interpret relevant decisions of the United States Supreme Court, before there can be an effective and valid waiver of counsel the accused must be fully apprised of the extent of his rights in connection therewith. This necessitates that he be informed or know not only of his right to consult with an attorney, but also if he is indigent that a lawyer will be appointed to represent him. In short, he cannot intelligently waive a right of which he is not fully aware.

In *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966), it was specifically ruled that unless an indigent is warned of his right to have counsel appointed to represent him before he is interrogated by the police,

a valid waiver of such assistance is not effected. See also, *Commonwealth v. Sites,* 427 Pa. 486, 235 A. 2d 387 (1967). If such warning is required at the interrogation level, it follows logically that no less is required when the accused appears in court to plead to a criminal indictment.

The Superior Court, noting our decision in *Commonwealth ex rel. Wright v. Cavell,* 422 Pa. 253, 220 A. 2d 611 (1966), equated the situation therein with the present case and ruled that since Mullins had said at the time of plea he did not want an attorney that the burden of showing the absence of an intelligent and understanding waiver was upon him in this proceeding. With this we do not agree. In *Wright* the defendant was specifically asked if he wanted "the court to appoint an attorney" to represent him. This is not so in the instant case.

If the record clearly shows that a defendant is informed of, or is cognizant of, his right to the assistance of counsel at the time of plea or trial and expressly declines such assistance, the burden is upon him in any subsequent attack on the conviction to establish by a preponderance of the evidence that his acquiescence was not sufficiently understanding and intelligent to constitute an effective waiver. See *Commonwealth ex rel. Wright v. Cavell,* supra; *Moore v. Michigan,* 355 U.S. 155, 78 S. Ct. 191 (1957); *Carnley v. Cochran,* 369 U.S. 506, 82 S. Ct. 884 (1962). For this rule to apply, however, the record must show in the case of an indigent defendant that he is informed of or fully understands that the court will provide him with counsel without charge if he so desires. Unless this appears in the record, the burden is upon the Commonwealth to establish that the defendant was fully aware of his rights at the time the alleged waiver occurred.

In the instant case the record of the plea proceedings in itself is clearly insufficient to warrant the con-

clusion that Mullins fully understood his right to counsel. Therefore, the burden of proof was upon the Commonwealth to establish this fact in the proceeding. This in our opinion it failed to do.

At the hearing in the habeas corpus proceedings, Mullins testified that he did not understand at the time of plea that he was entitled to a lawyer free of charge. It was also elicited that his formal education was limited to the fourth grade. To countermand this, the Commonwealth brought out that he was no stranger to the criminal courts but had suffered previous criminal convictions in the states of Ohio, California and Missouri, and that in one specific instance he had been provided with free counsel in the federal courts several years ago. Testimony was also offered to show that a Captain Holt, the prosecuting police officer, had informed Mullins after his arrest, "that if he couldn't afford an attorney Judge Mook would appoint an attorney for him."

A reading of Captain Holt's testimony clearly manifests that when he told Mullins that the court would provide a lawyer for him he was speaking only of a trial before a jury.[1] This warning did not suffice to apprise Mullins of his right to an attorney in the event he plead guilty.

As to Mullins' past criminal record, we are not persuaded that this warrants a finding he knew at the time of plea that he was entitled to a court-appointed lawyer without expense. In *Miranda v. Arizona,* supra, the court in explaining what is necessary to constitute a valid waiver of counsel during police interrogations, stated that "circumstantial evidence," such as a past criminal record tending to establish that the ac-

---

[1] Captain Holt's testimony on this point was: "I told the defendant too that he had a right to a trial in this courtroom before a jury of twelve, and that if he couldn't afford an attorney that Judge Mook would appoint an attorney for him."

cused may have been aware of his rights, will not suffice to establish knowledge on his part of the right to counsel.

The order of the Superior Court is reversed and the order of the Crawford County Court is reinstated.

Mr. Chief Justice BELL dissents.