## Commonwealth ex rel. McKee, Appellant, v. Russell.

Submitted March 11, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Louis D. Musica,* for appellant.

*David P. Truax,* Assistant District Attorney, and *Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 16, 1968:

This is an appeal from an order of the Superior Court, affirming[1] the order of the Court of Common

---

[1] Judge HOFFMAN filed a dissenting opinion, in which Judge JACOBS joined.

Pleas of Crawford County dismissing an action in habeas corpus after a hearing.

On February 8, 1960, the appellant, Gerald McKee, plead guilty to an indictment charging him with the crimes of burglary and larceny. On February 23, 1960, he was sentenced to imprisonment for an indeterminate term not to exceed six years. At the time of plea and sentence, he was not represented by counsel. He was paroled on May 3, 1962, but shortly thereafter was convicted of an additional larceny and given a new prison sentence. Under the law he was required to serve the unserved balance of the sentence imposed in 1960, before the computation of the new sentence began.

In the instant proceedings, McKee attacks the validity of the 1960 conviction and sentence, alleging that he was deprived of his constitutional right to the assistance of counsel during the proceedings. The hearing court concluded that this right had been intelligently waived. With this we cannot agree.

It is now established beyond argument that an indigent defendant[2] must be afforded the assistance of counsel at every critical stage of a criminal proceeding.[3] *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 236 A. 2d 781 (1968); *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A. 2d 439 (1964). While this right may be waived, to be effective the relinquishment must be done intelligently and understandingly. *Commonwealth ex rel. Gordon v. Myers*, 424 Pa. 352, 227 A. 2d 640 (1967). A finding of such a waiver is not to be made lightly. *Moore v. Michigan*, 355 U.S. 155, 78 S. Ct. 191 (1957); *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 202 A. 2d 303

---

[2] It is undisputed McKee was indigent at the time involved.

[3] Both the plea and sentence in this case constituted critical stages in the prosecution. *Commonwealth ex rel. Remeriez v. Maroney*, 415 Pa. 534, 204 A. 2d 450 (1964).

(1964). Where the record of the plea proceedings does not affirmatively show that the defendant was offered and declined counsel after appropriate inquiry by the court, the burden of proving an intelligent waiver is on the Commonwealth. *Commonwealth ex rel. O'Lock v. Rundle,* supra.

In the instant case the record of the plea proceedings was not recorded. During the hearing in this action below, the Commonwealth attempted to show an effective waiver of counsel by offering the record of McKee's signature at the bottom of a printed statement on the bill of indictment, which included, inter alia, "The defendant . . . waives appointment of counsel . . .", and the testimony of a then assistant district attorney who was present in the courtroom at the critical time.

The signed statement on the indictment is not sufficient in itself to establish an intelligent and understanding waiver of counsel. *Commonwealth ex rel. Fairman v. Cavell,* 423 Pa. 138, 222 A. 2d 722 (1966). The assistant district attorney involved (now a Judge of the Court of Common Pleas of Crawford County), testified that in every case, without exception, it was the practice of the trial judge (since deceased) who accepted the plea to ask a defendant if he had counsel and, if he did not, to tell him that the court would appoint counsel for him. A reading of this witness's testimony clearly demonstrates that he was relating what ordinarily happened and not what actually happened in the present case. Cf. *Commonwealth ex rel. Fairman v. Cavell,* supra. Moreover, this witness specifically admitted that he did not remember the trial judge advising McKee that if he was indigent the court would appoint counsel to assist him free of charge. Cf. *Commonwealth v. Sites,* 427 Pa. 486, 235 A. 2d 387 (1967).

Under the circumstances, it is our conclusion that the Commonwealth failed to meet its burden of proof.

The order of the Superior Court is reversed. The order of the court of original jurisdiction is reversed, and the record is remanded to that court with directions to enter an order consonant with this opinion.

Mr. Chief Justice BELL dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.