Opinion by
Hoffman, J.,
Petitioner pleaded guilty on March 17, 1960, to larceny and receiving stolen goods, and was sentenced to a term of six months to three years on March 24, I960.[1] Petitioner was not represented by counsel at his plea of guilty or at the sentencing hearing.
Petitioner sought post-conviction relief by filing a petition on September 30, 1966, alleging, inter alia, the invalidity of the judgment of sentence in light of the absence of counsel at the plea and the sentencing hearing. An evidentiary hearing was held on July 6, 1967. The lower court denied relief by an order filed July 20, 1967, and from that denial, this appeal followed.
There is no doubt that under the Sixth Amendment petitioner was entitled to assistance of counsel in criminal proceedings especially at the time of pleading guilty and the sentencing hearing. Commonwealth ex rel. Remeriez v. Maroney, 415 Pa. 534, 204 A. 2d 450 (1964) (counsel required at sentencing); Commonwealth ex rel. Johnson v. Maroney, 416 Pa. 451, 206 A. 2d 322 (1965) (counsel required at plea of guilty). The sole question raised in this appeal, therefore, is whether petitioner knowingly and intelligently waived his right to counsel at these critical stages.
The lower court found that petitioner had a prior criminal record and was acquainted with court procedures. On this basis, the court implied that petitioner was apprised of his rights to counsel. However, the Supreme Court in Commonwealth ex rel. Mullins v. Maroney, 428 Pa. 195, 236 A. 2d 781 (1968), stated that a past criminal record is not evidence upon which a lower court may infer an intelligent waiver of the right to counsel.
*535 The lower court also based its finding of a waiver on a note made on the docket by the Clerk of Court that petitioner refused counsel and a police officer’s testimony that the lower court asked if petitioner wanted counsel and petitioner refused. The clerk’s notes were on work sheets made at the hearings, and all that appears on them is “None, refused” after the word “defense attorney.” (NT 29). The stenographer who took the notes of testimony at the hearings is dead, and the lower court found that these notes have never been transcribed and are now unavailable. A police officer also testified at the hearing that he remembered the trial judge asked petitioner if he “. . . wanted counsel.” (NT 38). Thus, beside the clerk’s note, and the officer’s testimony, there is nothing on the record to indicate that petitioner waived his right to assistance-of counsel.
The case at bar is directly controlled by Commonwealth ex rel. Mullins v. Maroney, supra, wherein our Supreme Court held that before an effective waiver of the right to counsel can be found, “. . . the accused must be fully apprised of the extent of his rights in connection therewith. This necessitates that he be informed or know not only of his right to consult with an attorney, but also if he is indigent that a lawyer will be appointed to represent him. In short, he cannot intelligently waive a right of which he is not fully aware.” at 198. The record before us certainly does not comport with this standard, and therefore, petitioner did not understandably and intelligently waive his right to assistance of counsel.
The recent case of Commonwealth ex rel. McKee v. Russell, 429 Pa. 402, 240 A. 2d 559 (1968), also supports this conclusion. In that case, the defendant signed the bill of indictment which stated: “The defendant . . . waives appointment of counsel. . . .” The Supreme *536 Court stated that this “. . . signed statement ... is not sufficient in itself to establish an intelligent and understanding waiver of counsel. . . .”
It should also be noted that the Commonwealth must bear the burden of proving an intelligent waiver of the right to assistance of counsel. Commonwealth ex rel. Mullins v. Maroney, supra. “Where the record of the plea proceedings does not affirmatively show that the defendant was offered and declined counsel after appropriate inquiry by the court, the burden of proving an intelligent waiver is on the Commonwealth (citation omitted).” Commonwealth ex rel. McKee v. Russell, supra at 405. In the instant case, we find that there has been no intelligent waiver of record, and that the Commonwealth has failed to bear its burden of proving such waiver.
We therefore vacate the judgment of sentence of the Court of Quarter Sessions of Erie County and remand the case with instructions to grant petitioner a new trial.

 Petitioner was convicted for other crimes in 1966. He was re-incarcerated as a parole violator on the above charge, and as a result thereof, the starting date of his sentence imposed in 1966 has been postponed.