Commonwealth *v.* DeBold, Appellant.

Submitted November 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Hubert I. Teitelbaum,* for appellant.

*Louis Abromson,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., December 12, 1968:

This is an appeal from the dismissal, after hearing, of a petition brought under the Post Conviction Hearing Act. Paul DeBold, appellant, pled guilty on April 10, 1940, to four indictments charging burglary and receiving stolen goods. He was sentenced to a total term of 6 to 60 years imprisonment on these indictments and is now serving back time as a result of parole violations.

Appellant's basic contention in his petition was that he was without the assistance of counsel at the time these guilty pleas were entered and that he did not waive the right to counsel. The record indicates that appellant did not have the assistance of counsel at any stage of the proceedings against him and there is no evidence that he rejected an offer of counsel after being advised of his right to assistance.

Although the record of the proceedings failed to show a waiver of counsel, the court below ruled that appellant had the burden of proving that he did not intelligently waive his right to counsel. Appellant's petition was dismissed on the ground that appellant had not carried this burden. *Carnley v. Cochran*, 369 U.S. 506 (1962), holds that where the record does not show a waiver of counsel, a finding of waiver can be sustained only on affirmative evidence showing that the accused intelligently and understandingly rejected an offer of counsel. This has been construed to require that the Commonwealth bear the burden of proof on the waiver issue when the record is silent. *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A. 2d 439 (1964). The court below held that the burden of proof rule established by *Carnley* did not apply to alleged waivers of counsel occurring before the date of the *Carnley* decision. The sole question before us is the correctness of this ruling.

In *Commonwealth ex rel. O'Lock v. Rundle, supra,* our Supreme Court retroactively applied *Carnley* to require the Commonwealth to show by a preponderance of the evidence that an accused intelligently and understandingly waived counsel in entering a guilty plea in 1944. Since the decision in *O'Lock*, the Commonwealth has been required to carry the burden of proof when the record fails to show waiver at a critical stage in the proceedings in cases in which the contested waiver occurred prior to April 30, 1962, the day *Carnley* was decided. *Commonwealth ex rel. Goodfellow v. Rundle*, 415 Pa. 528, 204 A. 2d 446 (1964) (1959 guilty plea) ; *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 236 A. 2d 781 (1968) (February 1962 guilty plea) ; *Commonwealth ex rel. McKee v. Rundle*, 429 Pa. 402, 240 A. 2d 559 (1968) (1960 guilty plea) ; *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968)

(1958 direct appeal); *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968) (1945 direct appeal).

The ruling of the court below placing the burden of proof upon appellant was error. Since the Commonwealth conceded that it cannot sustain the burden of proof of waiver of counsel there is no need to remand the case for further hearings. *Cf., Commonwealth v. Ezell*, 431 Pa. 101, 244 A. 2d 646 (1968).

Accordingly, the order of the court below is reversed and a new trial granted.

WRIGHT, P. J., and WATKINS and MONTGOMERY, JJ., would affirm upon the opinion of President Judge EL-LENBOGEN.